UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDALL A. RADUNZ,

    Plaintiff,

    -vs-                                               Case No.   07-C-270

BRUCE VON HADEN,
and RYAN GEMOLL,

    Defendants.

**ORDER**

The plaintiff, Randall A. Radunz, currently incarcerated at Minnesota Correctional Facility-Faribault, in Faribault, Minnesota, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the Western District of Wisconsin. Because the assigned district judge, Judge John C. Shabaz, is currently on medical leave, this Court agreed to preside over the action. On September 16, 2008, counsel for defendant Von Haden informed the court by letter that defendant Gemoll was deceased, and indicated that counsel was unaware of whether there was any open estate, probate proceeding, or personal representative. Currently before the court is the plaintiff's October 6, 2008 motion to substitute parties under Fed. R. Civ. P. 25(d), requesting that either the Pierce County Sheriff or the Pierce County District Attorney be substituted for defendant Gemoll.

The plaintiff contends that substitution under Fed. R. Civ. P. 25(d) is proper because defendant Gemoll was acting "under color of law" to aid Pierce County law enforcement, and therefore acting in an "official capacity." Defendant Von Haden responds that defendant Gemoll was a private citizen, not an official, and that the personal representative of defendant Gemoll's estate is therefore the proper party to substitute under Fed. R. Civ. P. 25(a)(1). Defendant Von Haden further states that, per a search of the Wisconsin Consolidated Court Automation Programs (CCAP) performed October 14, 2008, no estate has been established for defendant Gemoll, and the plaintiff may need to petition the state court under Wis. Stat. § 856.07(2) to open an estate and appoint a personal representative for defendant Gemoll.

Fed. R. Civ. P. 25(d) provides:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

The Advisory Committee Notes to the 1961 amendment of 25(d) explain that "the amended rule will apply to actions against officers to compel performance of official duties or to obtain judicial review of their orders." Rule 25(d) therefore does not apply to defendant Gemoll, who was not a public official. As the Court of Appeals for the Seventh Circuit

2

stated in vacating United States District Court Judge John C. Shabaz's previous dismissal of this case,

> The district court apparently thought it dispositive that Gemoll and not Von Haden was the one who retrieved the guns, but the state-action element is met whenever the plaintiff can show "sufficient state involvement state involvement in the action in question to trigger constitutional protections." There is state action, for example, when the "state effectively directs, controls, or encourages the actions of a private party," or when, in the Fourth Amendment context, a private party acts as an instrument or agent of the state. And that is the situation if, as happened here, a government official induced the private party to act.

*Radunz v. Von Haden*, 286 Fed. Appx. 314, 316 (7th Cir. June 19, 2008)(unpublished) (internal citations omitted).

As the above passage indicates, defendant Gemoll was a private party who was allegedly induced to act on behalf of the state. While this situation meets the "state-action" requirement for potential § 1983 liability, it does not transform a private citizen into a public official. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)("to act 'under color of' state law for § 1983 purposes doe not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents."). Consequently, the plaintiff may not substitute a public official such as the Pierce County Sheriff or the Pierce County District Attorney for defendant Gemoll under Rule 25(d). However, the plaintiff may file a motion for substitution under Rule 25(a) if he believes that his claim against defendant Gemoll is not extinguished by defendant Gemoll's death. Such motion must designate a proper party for substitution.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for substitution of parties (Docket No. 35) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2008.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**Chief Judge**